The engagement of the city judge of Yonkers in attending to the removal of his family, of 12 persons, from their summer resort to his home in Yonkers, is an "inability," within Laws N. Y. 1881, c. 184, tit. 3, § 8, which makes it the duty of the mayor to designate one of the justices of the peace of the city "who shall, only in case of * * * inability of the city judge to act, exercise, in the place and stead of the city judge, criminal jurisdiction."

Appeal from special term, Westchester county.

The relator, Henry Lanzondoen, was tried for assault and battery in the third degree at the court of special sessions in the city of Yonkers, before a justice of the peace, acting as city judge. On conviction he obtained a writ of *habeas corpus*, returnable before Mr. Justice J. O. DYKMAN, at chambers, who afterwards dismissed the proceedings, and ordered that the relator be remanded to the custody of defendant, Frank G. Schirmer, sheriff of Westchester county. From this order the relator appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Walter J. Donohue*, for appellant. *Nelson H. Baker*, Dist. Atty., and *Wm. W. Scrugham*, for respondent.

BARNARD, P. J. By the charter of the city of Yonkers, the city judge has exclusive jurisdiction in all cases triable by the court of special sessions, before justices of the peace, in towns. Chapter 184, Laws 1881, tit. 3, § 7. By section 8 of this title it is made the duty of the mayor to designate in writing, to be filed in the office of the city clerk, one of the justices of the peace of the city, "who shall, only in case of sickness, absence from the city, disability or inability of the city judge to act, exercise, in the place and stead of the city judge, criminal jurisdiction such as is conferred by law upon justices of the peace in towns, during the time such sickness, absence, disability, or inability shall continue." The mayor designated a justice of the peace under this section, and he tried the relator. It appears that the city judge arrived home from his vacation at about noon of the day of trial. He did not go to the office, and, although the justice of the peace knew of his arrival in the city, held the court for the trial of relator for a criminal offense. It was proven that the city judge was unable to attend, because of his engagement in attending to the removal of his family, which consisted of 12 persons, from their summer resort to his home, in Yonkers. This was a sufficient inability of the city judge to justify the action of the justice of the peace. Inability to act does not alone mean physical inability. If there be a duty of paramount importance, such as sickness in his family, or other contributory causes which prevent his attendance to the official duty, a case is made for the action of his substitute. The order should be affirmed, without costs.

WEBBER *v*. HOAG.

*(Supreme Court, General Term, Second Department.* December 10, 1889.)

1. ANIMALS—VICIOUSNESS—EVIDENCE.

In an action for damages for a bite by defendant's dog, evidence that plaintiff, in stepping out of the house to get a pail, was attacked and bitten by defendant's dog, without the slightest warning, is sufficient proof of the vicious character of the dog to require defendant to keep him in subjection without further notice, and supports a verdict for plaintiff.

2. SAME—SUBSEQUENT ACTS.

Evidence of the dog's treatment after the accident is admissible to show his previous character.

3. SAME—KNOWLEDGE OF OWNER.
   Evidence that the dog habitually assailed people on the street near defendant's premises before plaintiff was bitten; that he had attacked a driver on a wagon; that plaintiff's employer informed defendant of this habit of the dog; and that he was also informed that the dog had assailed another person, and torn his coat,—is .sufficient to charge defendant with knowledge of the dog's viciousness.

4. DAMAGES—EVIDENCE—EXCLAMATIONS.
   In giving evidence of plaintiff's nervousness from the injury, it is competent to show that she sprang from bed and exclaimed, "There is Hoag's [defendant's] dog," as bearing on the question of her injury.

5. WITNESS—IMPEACHMENT.
   The question whether witness was told by another witness that he could get him $50 if he would "swear a single word" in the case is incompetent.

Appeal from circuit court, Westchester county.

Action by Pauline Webber against Edward C. Hoag, for damages alleged to have been sustained from a bite of defendant's dog. In giving evidence of plaintiff's nervous condition, witness, in answer to a question whether plaintiff did anything different from what she had been used to, testified that, while he was watching at her bedside, she jumped up and exclaimed, "There is Hoag's dog." Defendant objected to this evidence, on the ground that it was given to influence the jury to believe that the bite was by defendant's dog, and not as evidence of pain. In answer to a question whether there was any difference in the custody of the dog since the accident to plaintiff, a witness testified: "Yes; I noticed that the dog was kept closer,—kept in-doors, out of the streets, after that time; not allowed to run on the neighbors, as he had before." This was objected to, on the ground that it tended to show an admission by defendant that he had been negligent, and that his dog did the biting. The court, over defendant's objection, excluded the answer to the question: "Did he say to you yesterday that he could get you $50 if you would swear a single word in reference to this case?" Verdict for plaintiff. From the judgment and order denying a new trial defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

A. J. Adams, for appellant.    Charles Haines, for respondent.

BARNARD, P. J.   The cause of action was fully proven. The plaintiff was a servant with one Carpenter. She went out of the house in the evening to get a pail, and the defendant's dog, without the slightest warning, sprang upon her and bit her. This act is sufficient to stamp the character of the dog as vicious and dangerous, and the master was bound to keep him in subjection without further notice. Brice v. Bauer, 108 N. Y. 428, 15 N. E. Rep. 695.

There is abundant proof of knowledge upon the part of the owner of the savage nature of the dog. It was proven that he attacked a driver on an ice wagon. He habitually assailed people on the street near the owner's premises, before plaintiff was bitten. The plaintiff's employer informed the defendant of this habit of the dog to assail him on his own premises. The defendant was informed that the dog assailed one Disbrow, and tore his coat. The dog was proven to have attacked one Francis in the road in the presence of the defendant. The animal must have been a terror to the neighborhood, and as dangerous as a wild beast, in view of his size and ferocity. The words of the judge were proper, as applied to this case, if the jury believed the plaintiff's testimony.

There was no error committed upon the trial. In giving evidence of the nervous terror of the plaintiff, her expression as to the presence of "Hoag's dog" was admissible. It did not prove the biting by this dog, but it was a necessary part of the manifestation of plaintiff's injury. The answer as to the general character of the kind of dog which bit plaintiff was stricken out, and the answer of the witness given, therefore, was not objected to.

The evidence as to the treatment of the dog after the bite was proper, as

tending to show the character before the same was made. It was proper to combat the allegation that if a mad dog be killed the person bitten cannot have hydrophobia. It was not proper for one witness to testify as to an offer which another witness said he could get for testimony. The character of any dog other than defendant's mastiff, Jane, was wholly unimportant. There are no other exceptions on the trial of importance. The judgment should be affirmed, with costs.